IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRELL HOLLOWAY <br> (BOP Register No. 08624-068), <br><br> Plaintiff, <br><br> V. <br><br> DSSC DIRECTOR, ET AL., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> §     No. 3:16-cv-1477-M-BN <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Darrell Holloway, a federal inmate proceeding *pro se*, has filed a civil action for monetary damages against various federal officials, including the Director of the Federal Bureau of Prisons ("BOP")'s Designation and Sentence Computation Center (the "DSCC"), located in Grand Prairie, Texas, within the Northern District of Texas. Chief Judge Barbara M. G. Lynn has referred this action to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice to it being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

**Applicable Background**

Similar to other *pro se* actions recently filed in the Northern District of Texas by inmates at FCI Elkton that were referred to the undersigned for pretrial

management, *see Kirby v. Chief U.S. Marshal*, No. 3:16-cv-1393-O-BN (N.D. Tex.), 2016 WL 3880997 (N.D. Tex. May 24, 2016), *rec. accepted*, 2016 WL 3745708 (N.D. Tex. July 13, 2016); *Orlando v. Chief U.S. Marshal*, No. 3:16-cv-1425-M-BN, 2016 WL 3526091 (N.D. Tex. May 31, 2016), *rec. accepted*, 2016 WL 3552256 (N.D. Tex. June 23, 2016), Holloway's action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is based on an assertion that he should have received credit toward his current sentence for time he spent in certain pretrial detention. *See, e.g.*, Dkt. No. 3 at 9 ("I recently and previously received a Male Custody Classification form showing that FBOP DSCC component calculated time spent in 'any custody' and 'official detention' associated with the case name and number referenced above. They have made an adverse decision based on your business agencies records called 'U.S. Marshals Detention Report.' Specifically time of Five (5) months of Pretrial Detention under enlarged conditions has not been counted. State law provides, as you surely likely know, in common-law and statutory law embodiment of the U.S. Supreme Courts case decisions and histories on amercements and penalties, that a Sentence where all time spent in any detention where liberty is not completely restored prior thereto which is not credited to that sentence ultimately imposed is an illegal sentence.").

## Legal Standards and Analysis

While Holloway asserts that he has notified defendants of the alleged calculation errors – errors that, if valid, impact the duration of confinement as imposed by his original sentence – it is clear from the complaint that he has not sought, nor has he obtained, habeas relief as to the claimed calculation errors. "Absent a showing that

[his] sentence has been invalidated," likely through a successful habeas action, "he cannot recover damages in this action." *Ceasar v. Fed. Bureau of Prisons*, 532 F. Supp. 2d 1, 4 (D.D.C. 2008) (citing *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) ("The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions.").

"[A] challenge to the duration of a prisoner's confinement is a habeas claim." *Id.* at 3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[H]abeas corpus relief is not limited to immediate release from illegal custody" and "is available as well to attack future confinement and obtain future releases.")).

And when, like here, a prisoner brings a *Bivens* action challenging "the duration of his confinement," he "must exhaust his remedies available to him through habeas corpus before pursuing his *Bivens* claims." *Whitehurst v. Jones*, 278 F. App'x 362, 363 (5th Cir. 2008) (per curiam) (citing *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)).

Relatedly, Holloway's *Bivens* action implicates *Heck v. Humphrey*, 512 U.S. 477 (1994).

> *Heck* prohibits a plaintiff from using a [a civil] suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Consequently, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Id.* at 498 n.14 (alteration omitted) (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes

> > allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."). This is because "factual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (alterations and citation omitted).

*Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam).

Here, Holloway is challenging the duration of his confinement as imposed by the original judgment. *Heck* therefore applies because "[s]uccess in the instant action would ... affect the validity of [his] underlying conviction or the duration of his sentence." *Mosley v. White*, 464 F. App'x 206, 210-11 (5th Cir. 2010) (per curiam) (discussing the application of *Heck* through *Edwards v. Balisok*, 520 U.S. 641 (1997), and citing *Muhammad v. Close*, 540 U.S. 749, 751 & n.1 (2004) (reiterating that *Heck* is not "implicated by a prisoner's challenge that threatens no consequence for his [underlying] conviction or the duration of his sentence" and that "[t]he assumption is that the incarceration that matters under *Heck* is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules")); *see also, e.g.*, *Bethea v. Francis*, No. 2:07cv102, 2008 WL 2937599, at *3 (N.D. W. Va. July 23, 2008) ("Pertinent to this case, several courts have also applied the holding in *Heck* to a prisoner's challenge to the calculation of his sentence. *See Neff v. MCI-H*, 2004 WL 1205693 (4th Cir. June 2, 2004) (upholding *Heck* dismissal of claim that DOC miscalculated the prisoner's release date); *Caesar v. BOP*, 2008 WL 219614 (D.D.C. Jan. 28, 2008) (*Bivens* claim for monetary damages based on miscalculated release date is barred if cannot show sentence calculation previously found to be invalid); *Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (*Bivens* action challenging

calculation of sentence is barred by *Heck* where plaintiff has failed to show that sentence calculation has been declared invalid).").

## Recommendation

The Court should dismiss this action with prejudice to it being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE